UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| $210,100.00 IN U.S. CURRENCY, | § | |
| Defendant | § | |

COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon Information and belief:

Nature of the Action

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

Defendant Cash

2. The Defendant is various quantities of United States currency seized from the Claimant (the "Defendant Cash"). Agents seized $210,100.00, which was in a green Ricardo duffle bag located in a safe. Additionally, agents seized a separate amount of $48,735.00, which was located throughout the same safe containing the Ricardo Duffle bag and the $210,100.00. The $48,735.00 was located on the safe shelves, in an ammunition can, in an Adidas bag, and in the pocket on the safe door.

3. Law enforcement seized the Defendant Cash in Rio Grande City, Starr County, Texas on or about August 30, 2019. The Defendant Cash is currently in an account within the custody of the United States Marshal's Service.

## Jurisdiction and Venue

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), 1395, and/or 21 U.S.C. § 881(j).

## Statutory Basis for Forfeiture

6. The Defendant Cash is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

## Factual Basis

7. On or about August 30, 2019, federal agents executed a search warrant at a residence occupied by Jose Luis Garcia in Rio Grande City, Texas. Mr. Garcia was present during the search. During the execution of the search warrant, agents discovered Defendant Cash.

8. Federal agents asked Mr. Garcia if there was anything illegal at the property. He stated that he had a large amount of currency in the backyard safe. Agents discovered the safe and a canine alerted to the presence of currency in it. Garcia provided the passcode to the safe. Agents discovered numerous weapons and numerous vacuum-sealed bundles of currency in a green Ricardo duffle that totaled $210,100.00. The money in duffle bag was vacuum-sealed in plastic wrapping and wrapped with dryer

sheets, currency bands and rubber bands. One plastic wrapped bundle had "30" written on it and another plastic wrapped bundle had "60" written on it. The way the $210,100.00 was wrapped is consistent with the way in which narcotics proceeds are commonly wrapped and subsequently transported in order to avoid law enforcement detection. Agents also found currency in bundles on the safe shelves, in an ammunition can, in an Adidas bag, and in the pocket on the safe door. Agents also searched Claimant's truck at the same location. Within the truck, they found a written message warning about potential reprisals from the CDG. CDG is the Spanish abbreviation for the Cartel Del Golfo, known as the Gulf Cartel in English, a Mexican drug trafficking organization operating in northern Tamaulipas, Mexico and south Texas, among other places.

9. In a second large safe on the property, agents seized a money counter, a bag containing various denomination currency bands, and a portable Hytera digital radio. Money counters are frequently used by drug traffickers that are distributing large quantities of narcotics and therefore receiving large quantities of currency in return. Counting large quantities of U.S. currency by hand is extremely time consuming, therefore, drug traffickers will utilize money counters because it is more efficient and generally more accurate than counting by hand. During the drug trafficking investigation of Mr. Garcia and his associates, agents have seized numerous digital radios. Drug and illegal alien smugglers utilize portable radios to communicate with each other when committing crimes. Additionally, drug traffickers frequently utilize portable radios near border areas because the radios work in many areas where cell phones do not and are a

quick and easy way to communicate between two or more individuals.

10. During a search of the kitchen on the same property, agents located a grey colored radio frequency signal jammer. Signal jammers are utilized to block cellular signals from leaving a certain area, thus blocking people from making phone calls, sending messages, and/or sending radio communications in a specific area. Additionally, signal jammers are used to prevent law enforcement game cameras from relaying pictures of activations in real time, because the pictures are sent via a cellular signal. Drug traffickers frequently jam law enforcement game cameras during smuggling events therefore preventing the cameras from sending live pictures during smuggling activity. Additionally, drug traffickers use signal jammers to jam law enforcement agents' cell phones during smuggling attempts. Prior to agents locating the radio signal jammer at Garcia's property, agents believed that Mr. Garcia and his associates were utilizing radio signal jammers on both the Mexico and U.S. side of the Rio Grande River to decrease law enforcement's ability to communicate during smuggling events and to prevent surveillance pictures taken of them participating in illegal activity from being relayed to agents.

11. During an interview, Mr. Garcia claimed that the currency seized in this case came from the sale of land in Mexico. However, Garcia could not produce documentation or verification of the sale. Furthermore, Garcia did not know the name of his friend who sold his property in Mexico for him. Garcia stated that he believed the unknown Mexican buyer likely used narcotics proceeds to make the purchase. Additionally, during the interview with Garcia, he stated that his land sale windfall was kept in cash because he

was told by his accountant that it is "tax free." In fact, as a United States Citizen, capital gains on foreign land sales would be taxable.

12. Defendant Cash was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, is proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act.

## Conclusion

The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) as property traceable to proceeds of drug trafficking.

## Notice to Any Potential Claimants

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 1133 N. Shoreline Blvd., Corpus Christi, Texas 78401, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorneys Office, 800 N. Shoreline Dr., Suite 500, One Shoreline Plaza, Corpus


Christi, TX 78401.

## Requested Relief

Wherefore, the United States of America requests that a judgment of forfeiture be entered against the Defendant Cash and in favor of the United States of America under 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States may be entitled.

    Respectfully submitted,

    RYAN K. PATRICK
    United States Attorney

By:    s/ Jon Muschenheim
    Jon Muschenheim
    Assistant United States Attorney
    State Bar No.: 14741650
    Federal Bar No.: 9246
    800 N. Shoreline Dr., Suite 500
    One Shoreline Plaza
    Corpus Christi, TX 78401
    (361) 888-3111
    Email: jon.muschenheim@usdoj.gov

## VERIFICATION

I, Christopher Donahue, a Special Agent with the United States Drug Enforcement Administration, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the Factual Basis in the foregoing Complaint For Forfeiture In Rem

are true and correct to the best of my knowledge and belief.

Executed on the 26th day of February, 2020.

*[signature]*

Christopher Donahue
Special Agent
U.S. Drug Enforcement Agency